## Cox *versus* McKean, Administrator of Kine.

1. In an action of assumpsit by an administrator, he proved that the money for which the suit was brought had been placed by the decedent in the hands of the defendant in *trust*. *Held*, the defendant was a witness for himself under the Act of March 27th 1865.

2. The trust took effect in the lifetime of the decedent and the administrator had no right to receive the money unless the trust could be impeached for fraud.

November ·9th 1867.    Before THOMPSON, READ and AGNEW, JJ.   WOODWARD, C. J., and STRONG, J., absent.

Error to the Court of Common Pleas of *Allegheny county :* No. 11, to October and November Term 1867.

This was an action of assumpsit, brought May 1st 1866, by John McKean, administrator, &c., of Margaret Kine, deceased, against J. C. Cox.   The claim of the plaintiff was for money which had been placed by the decedent in the hands of the defendant, in trust, as he alleged, for the use of her children.

The plaintiff gave evidence of declarations of the defendant that he had received money from Mrs. Kine for the use of her two elder children, which he had deposited in the Dollar Savings Bank.   The treasurer of the bank testified that the defendant had on deposit in the bank, " in trust for Margaret Kine," $515 ; that when the defendant deposited it, he said · the mother wanted it for the children.   The defendant offered Michael Kine, one of the children, as witness.   He was objected to on the ground of interest.   The witness was rejected, and a bill of exceptions sealed.

The defendant himself was then offered as a witness, on the ground that he was a mere trustee.   He was rejected, and a bill of exceptions sealed.   He again offered Michael Kine to prove the signature of his mother to a writing declaring the trust.   The witness was rejected, and a bill of exceptions sealed.

There was a verdict for the plaintiff for $515.   The defendant took a writ of error.   His 1st and 3d assignments of error were the rejection of Michael Kine as a witness : the 2d was the rejection of himself.

[Cox *v.* McKean.]

*H. Burgwin,* for plaintiff in error, cited Act of March 27th 1865, Purd. 1, 389, Pamph. L. 28 ; Walworth *v.* Abel, 2 P. F. Smith 370.

*J. P. Penney,* for defendant in error.

The opinion of the court was delivered, November 21st 1867, by

Agnew, J.—We think the court erred in rejecting the testimony of the defendant below. The plaintiff had shown that Cox was a trustee of the money handed to him by Mrs. Kine for her children, or some of them. He set up no ownership for himself. As a *trustee* he was, therefore, competent under the Act of March 27th 1865 : Bright. Dig. 1389.

His testimony was also material to supply the indefiniteness in the testimony of the plaintiff by showing the time and manner of the gift, and the number of children for whom he held it in trust.

But it is thought the offer became immaterial on the ground that the money ought at all events to be recovered for administration, leaving the trustee to receive the remainder of the fund under the trust.

The effect of this would be to subject the fund to the payment of all of the debts of Mrs. Kine, subsequent as well as prior to the gift ; and to the costs of administration. But the trust, if available at all, took effect in the lifetime of Mrs. Kine, vesting the property then in the trustee, and not leaving it to descend into her estate at her death. The trustee had a right to retain the fund for the trust, unless the trust itself could be impeached for fraud. But this was a matter subsequent in the order of proof.

The trustee had a right first to make out his case by full proof before it was arrested. Then, if the administrator could impugn it for a fraud upon the rights of Mrs. Kine's creditors, he might do so in order to restore the fund to her estate for administration. The existence of debts prior to the gift was a fact for the jury.

The defendant, as trustee, had, therefore, a right to use his own testimony for the benefit of his *cestui que trust,* leaving the administrator to attack it if he could on the ground of a fraud upon the rights of creditors.

The 1st and 3d errors are not sustained ; but for the 2d the judgment is reversed, and a *venire facias de novo* is awarded.

Thompson, J., dissented.